**ADOBE RESOURCES CORPORATION,**
**Plaintiff–Appellee,**

**v.**

**UNITED STATES of America,**
**Defendant–Appellant.**

**No. 91–8342.**

United States Court of Appeals,
Fifth Circuit.

Oct. 9, 1992.

Jon E. Fisher, Dept. of Justice, Tax Div., Dallas, Tex., Robert S. Pomerance, Gary R. Allen, Chief, Bruce R. Ellisen, Atty., Appellate Section, Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellant.

T. John Ward, Brown, Maroney & Oaks Hartline, Houston, Tex., for plaintiff-appellee.

**ON PETITION FOR REHEARING**

(Opinion July 29, 1992, 5th
Cir.1992, 967 F.2d 152)

Before GARWOOD and DeMOSS, Circuit Judges, and DuPLANTIER, District Judge.[*]

DeMOSS, Circuit Judge:

We have now read and considered the appellant's motion and brief on rehearing, the appellee's response in opposition to rehearing, and the appellant's reply to appellee's response and have concluded that our decision and opinion will stand as originally stated in this case. We recognize of course that private letter ruling 8901011 cited by appellee in its response could not be cited as authority for our original decision; (*See* 26 U.S.C. § 6110(j)(3)) and that letter ruling is not referred to in any way in our opinion. We draw some comfort, however, from noting the similarity of analysis and reasoning used in the letter ruling and in our original opinion. When faced with a circumstance not otherwise expressly provided for in the revenue regulations or rulings (the circuity of ownership of stock in a proposed merger situation), the letter ruling opted for a course of action not otherwise provided for in the rules or regulations (to disregard the quantity of circular owned stock) in order to achieve consistency with larger purposes and goals (having a rule which in the reverse acquisition situation recognizes the larger of the two corporate entities before merger even though it is not the surviving corporate entity after merger, and following a rule which minimizes the effect of taxpayers choosing the survivor corporation purely on the basis of form). Similarly, in our opinion, we recognized that in a consolidation transaction, the circumstance of cross-owned stock was not expressly provided for in the rules and regulations and therefore we held that tracing the ownership of the cross-owned stock and allocat-

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

ing the ownership thereof was consistent with the same general purposes as discussed in the letter ruling. We note also that the result reached in our original opinion remains the same even if the Old Adobe stock held by Madison were completely disregarded.

The motion for rehearing is DENIED.